## Galway *v.* Frankovich, Appellant.

*Negligence—Question for jury—Galloping horse—Street car—Passing car on wrong side.*

In an action of trespass to recover damages for personal injuries, it appeared that plaintiff was driving his motorcycle behind a street car between the tracks of the street railway. When the car stopped the plaintiff also stopped and placed his feet on the ground to keep the motorcycle from toppling over. While he was thus stopped about five feet behind the car that he had been following, another car passed, on the adjoining track, going in the opposite direction. As the other car passed, the horse and wagon of the defendant came around the rear end being driven at a gallop, upon the wrong side of the street, and in such manner that the driver could not see what was ahead of him as he passed between the two street cars. The horse and wagon struck plaintiff and injured him, dragging him fifteen feet or more.

*Held:* The case was properly one for the jury to decide on the question of the negligence, and there was sufficient evidence to warrant a finding that the damage done was due to the carelessness of the defendant's driver.

Argued April 20, 1923. Appeal, No. 72, April T., 1923, by defendant, from judgment of C. P. Allegheny Co., April T., 1916, No. 192, on verdict for plaintiff in the case of C. M. Galway v. George Frankovich. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

532     GALWAY v. FRANKOVICH, Appellant.

Verdict for plaintiff in the sum of $1,001 and judgment thereon. Defendant appealed.

*Errors assigned* were refusal to give binding instructions for defendant and refusal to enter judgment for defendant non obstante veredicto.

*B. J. Jarrett*, and with him *Fagan, Dillon & Fagan*, for appellant.—There was no evidence of negligence upon which the case could go to the jury and it was error to have submitted it to them: Walker v. Phila. R. T. Co., 53 Pa. Superior Ct. 210; Eastburn v. U. S. Express Co., 225 Pa. 33; Flanigan v. McLean, 267 Pa. 556.

*Ralph P. Tannehill*, and with him *R. P. & M. R. Marshall*, for appellee.—The fact that the driver chose to drive on the left-hand side of the street is sufficient to justify a finding of negligence: Yeager v. Gately & Fitzgerald, Inc., 262 Pa. 466.

OPINION BY TREXLER, J., July 12, 1923:

The plaintiff claimed to have been injured through the carelessness of defendant's driver. The jury found in his favor. The testimony of the plaintiff as to the accident put in narrative form is as follows: "I was going to work on my motorcycle following a street car along Butler Street. When the car stopped, I stopped the motorcycle and put my foot down on the ground to keep the motorcycle from toppling over. I was between the tracks and about five feet behind the street car. Another street car coming from the opposite direction from that for which I was headed, passed the car in front of me and just as it passed, the driver of the defendant with his horse and wagon drove in between the two cars and right over the top of me striking me with the front wheel and dragging me underneath the wheel for fifteen feet or more." The appellant argues, assuming the above statement to be true, as we must in the present state

of the case, that there is not sufficient to fix any negligence on the defendant. The lower court thought otherwise and so do we. When the defendant's driver followed the street car and apparently for the purpose of getting ahead of it, veered to the wrong side of the street, not being able to see what was ahead of him, he took a chance as to what might be in his way. His view was necessarily obstructed by the street car, which was standing in front of the plaintiff. The circumstances demanded caution. It may well be argued that his reasonable course, if he wished to pass the car ahead of him, was to have turned to the right. By doing this he would have seen any one coming from the opposite direction. Although the mere statement that his horse was galloping does not convey any definite idea as to speed, it is a circumstance relating to the care defendant's driver exercised and the degree of control he had over his horse. Certainly the occurrence presents a different aspect when it is shown that he turned to the left between the cars at a gallop, than if he had walked his horse. Considering all the circumstances, the question can be fairly asked, would such an accident occur in the case of an ordinarily prudent driver? The court could not decide as a matter of law that there was no evidence in the case warranting a verdict for the plaintiff. It could readily be found that the damage done was due to defendant's driver's carelessness.

The judgment is affirmed.